**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **RACHEL D. SUMMERS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:14-cv-01185** |
| | ) | |
| **VICKI FREEMAN, Warden,** | ) | **Judge Trauger** |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM AND ORDER**

Before the court is a petition for the writ of habeas corpus filed *pro se* by petitioner Rachel Summers, a state prisoner currently incarcerated at the Tennessee Prison for Women in Nashville, Tennessee. The petitioner seeks to proceed *in forma pauperis*, and also moves for the appointment of counsel.

For good cause shown, the application to proceed as a pauper (ECF No. 2) is **GRANTED**.

Promptly after the filing of a habeas petition, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4. After undertaking this review, the court finds that the petition must be dismissed because it is plainly barred by the statute of limitations.

On July 11, 2005, Summers pleaded guilty to murdering her seven-year-old son and was sentenced to life with the possibility of parole. (Habeas Petition, ECF No. 1, at 1.) Because she did not pursue a direct appeal of her conviction, under state law, the conviction became final thirty days later, upon the expiration of the time during which the petitioner could have filed a direct appeal to the Tennessee Court of Criminal Appeals. Tenn. R. App. P. 4(a). *See also State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding that a "judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence").

Summers filed a state post-conviction petition more than two years later, on October 16, 2007. *See Summers v. State*, No. M2008-00728-CCA-R3-PC, 2008 WL 4072109, at *1 (Tenn. Ct. Crim. App. Aug. 29, 2008), *perm. to appeal denied* (Tenn. Dec. 22, 2008). The post-conviction court denied the petition as untimely. The Tennessee Court of Criminal Appeals affirmed, rejecting the petitioner's argument that Tennessee's one-year statute of limitations for filing a post-conviction petition should be tolled based on the petitioner's mental instability. The court noted that Summers had attached to her petition a discharge summary dated February 2, 2004 relating to her discharge from the hospital following her suicide attempt in connection with the murder of her son, and a second discharge summary dated October 5, 2004. Both discharge summaries indicated that Summers, at the time of her release from the hospital, was alert and oriented but depressed. The court found this documentation, which predated the petitioner's guilty plea, insufficient under state law to establish that she was unable to manage her personal affairs or to understand her legal rights and responsibilities for purposes of tolling the statute of limitations. *Id.* at *2 (citing *State v. Nix*, 40 S.W.3d 459 (Tenn. 2001) (citing Tenn. Code Ann. § 40-30-206(b) & (f))).

Summers filed her habeas corpus petition in this court on May 13, 2014, nearly five and a half years after the Tennessee Supreme Court declined review of her state post-conviction appeal. She is aware that her petition is untimely but claims, as she did in state court, that the statute of limitations should be tolled based on her mental incompetency. In support of her claim of mental incompetency, she states that she was "on mental seclusion twice." (ECF No. 1, at 13.) She also submits documentation of her attempt to commit suicide in 2004 after she killed her son and her prison mental-health record and psychotherapy notes dating from July 2005 through 2008. These records document a diagnosis of "Bipolar I hypomanic," as well as depression and anxiety, for which the petitioner was treated with counseling and medication.

Summers' § 2254 petition is governed by 28 U.S.C. § 2244(d)(1)(A), which establishes a one-year statute of limitations for filing a federal habeas petition, running from the date on which the state-court judgment became final upon the conclusion of direct review. This one-year limitations period is tolled for "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." *Id.* § 2244(d)(2). However, the tolling provision does not "revive" the limitations period

(*i.e.*, restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).

The statute of limitations is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The doctrine of equitable tolling is used sparingly, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citation omitted), and is typically applied "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of showing that she is entitled to equitable tolling. *Ata*, 662 F.3d at 741 (citation omitted).

A petitioner's severe mental illness may constitute grounds for equitable tolling. *Id.* at 742. To toll the statute on this basis, a petitioner must show that (1) she is (or was) mentally incompetent and (2) her mental incompetence caused her failure to comply with the statute of limitations. *Id.* Thus, "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.* (internal citation omitted). *See also McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (the mental incapacity of a petitioner can toll a statute of limitations only if it actually prevents a petitioner from pursuing his legal rights during the limitations period). The petitioner has the burden of making a threshold showing of incompetence. *Calderon v. United States Dist. Court for Cent. Dist. of Cal.*, 163 F.3d 530, 541 (9th Cir. 1998).

In this case, the habeas petition was not filed until more than eight years after the state-court conviction became final. The state post-conviction petition, filed more than two years after the conviction became final, was denied on the basis that it was not timely, which effectively means that the petitioner's claims in this court are procedurally defaulted. *See Alley v. Bell*, 307 F.3d 380, 385–86 (6th Cir. 2002). Moreover, because the petitioner's petition and attached documentation fail to make a threshold showing of incompetence during the time frame immediately following the date her conviction became final, the one-year statute of limitations expired in August 2006, before the petitioner ever filed her state post-conviction petition.

And finally, even if Summers was incompetent, as she claims, from 2005 through 2008, and even if the court were to presume that the statute of limitations was tolled until December 2008, when the Tennessee Supreme Court denied her petition to appeal the denial of her state post-conviction petition, Summers offers no explanation for the five-and-a-half-year period that elapsed between December 2008 and the date Summers filed her habeas petition in this court. Thus, even giving the petitioner the benefit of every possible doubt, the limitations period in this case expired, *at the very latest*, in December 2009, well in excess of a year before the petitioner filed her petition in this court.

Because it is clear from the face of the petition and clearly established law that the petition is barred by the statute of limitations, the petition is hereby **DISMISSED**.

The motion to appoint counsel (ECF No. 4) is **DENIED** as moot.

Pursuant to 28 U.S.C. § 2253(c), the court must also assess whether to issue a certificate of appealability. To warrant a grant of a certificate of appealability, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of the petitioner's failure to offer any evidence that she has suffered from mental incompetence during the five years preceding the filing of her petition in this court, no reasonable jurist would find this court's holding that the petitioner's claims are time-barred to be debatable or wrong. Accordingly, the court **DENIES** a certificate of appealability as to each claim asserted in the petition.

It is so **ORDERED**.

This is a final order for purposes of Fed. R. Civ. P. 58.

Aleta A. Trauger
United States District Judge